IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST SERIES 2006-FRE2 ASSET BACKED PASS-THROUGH CERTIFICATES | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | Case No. _____ |
| | : |
| BUSINESS LOAN CENTER, LLC | COMPLAINT |
| Serve: United Corporate Services, Inc., R/A | : |
|      20 South Charles Street, Suite 1200 | |
|      Baltimore, MD 21201 | : |
| | |
| Serve: One Independence Pointe, Suite 102 | : |
|      Greenville, SC 29615 | |
| | : |
| HELEN METAFERIA | |
| A/K/A HELEN METFERIA | : |
| A/K/A HELEN METAFARIA | |
| Serve: 907 Johnson Grove Lane | : |
|      Bowie, MD 20721 | |
| | : |
| HAROLD EDWARDS | |
| A/K/A HAROLD EDWARDS, JR. | : |
| A/K/A HAROLD EDWARD | |
| Serve: 907 Johnson Grove Lane | : |
|      Bowie, MD 20721 | |
| | : |
| **and** | |
| | : |
| UNITED STATES OF AMERICA | |
| Serve: Hon. Jefferson B. Sessions, III, Attorney General | : |
|      U.S. Department of Justice | |
|      950 Pennsylvania Ave., N.W. | : |
|      Washington, D.C. 20530-0001 | |
| | : |
| Serve: The Honorable Stephen M. Schenning | |
|      United States Attorney for District of Maryland | : |
|      36 South Charles Street, 4th Floor | |
|      Baltimore, MD 21201 | : |

Serve: Internal Revenue Service                            :
      1111 Constitution Avenue NW #5480
      Washington, D.C. 20224                            :

       *Defendants.*                                        :

---

## COMPLAINT

     COMES NOW the Plaintiff Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust Series 2006-FRE2 Asset Backed Pass-Through Certificates ("Wells Fargo" or "Plaintiff"), by counsel, and in support of its Complaint against Defendants hereby states as follows:

### Parties

    1.    Plaintiff is a national association authorized to do business in the State of Maryland.

    2.    Defendant Business Loan Center, LLC, was a Delaware limited liability company whose status with the Maryland State Department of Assessments and Taxation was forfeited in 2008 and which is not in good standing.

    3.    Defendant Helen Metaferia a/k/a Helen Metferia a/k/a Helen Metafaria ("Helen") in an individual resident of the State of Maryland and the current co-owner of the real property which is the subject of this litigation.

    4.    Defendant Harold Edwards a/k/a Harold Edwards, Jr. a/k/a Harold Edward ("Harold") is an individual resident of the State of Maryland and the current co-owner of the real property which is the subject of this litigation.

    5.    Defendant United States of America may be claiming an interest in the real property which is the subject of this litigation by virtue of its judgment against Helen Metaferia arising out of Case Number FL-2881 in the Circuit Court for Prince George's County, Maryland.

<u>Facts</u>

6.      By deed dated April 14, 2005 (the "Deed", attached hereto as <u>Exhibit A</u>, which was later re-executed and re-recorded to fix the spelling of the names of the parties thereto by Corrective Deed, attached hereto as <u>Exhibit B</u>) and recorded among the land records in the office of the Clerk of the Circuit Court for Prince George's County, Maryland ("Land Records") in Liber 22350, folio 486, Helen and Harold, as tenants by the entireties, were conveyed that real property commonly known as 907 Johnson Grove Lane, Bowie, Maryland (the "Property"), which is further described therein as:

> BEING KNOWN AND DESIGNATED AS LOT NUMBERED 113, IN BLOCK LETTERED "A" AS SHOWN ON THAT PLAT OF SUBDIVISION ENTITLED "PLAT FIFTEEN, PART OF BLOCK "A" LOTS 107-132, PART OF BLOCK "H", LOTS 31-47, "COLLINGTON STATION", WHICH PLAT OF SUBDIVISION IS DULY RECORDED AMONG THE LAND RECORDS OF PRINCE GEORGE'S COUNTY, MARYLAND IN PLAT BOOK NLP 151 AT PLAT NO. 52 (7TH ELECTION DISTRICT). THE IMPROVEMENTS THEREON BEING KNOWN AS 907 JOHNSON GROVE LANE, BOWIE, MARYLAND 20721.

7.      On the same date, Helen and Harold executed a deed of trust (the "Prior First Deed of Trust", attached hereto as <u>Exhibit C</u>) recorded among the Land Records in Liber 22350, folio 492, securing repayment of a loan in the original principal amount of $432,000.00.

8.      Also on the same date, Helen and Harold executed a second deed of trust (the "Prior Second Deed of Trust", attached hereto as <u>Exhibit D</u>) recorded among the Land Records in Liber 22350, folio 518, securing repayment of a loan in the original principal amount of $108,000.00.

9.      Thereafter, on or about June 21, 2005, Helen, by herself, executed a deed of trust (the "BLC Deed of Trust", attached hereto as <u>Exhibit E</u>), recorded among the Land Records in

Liber 22840, folio 659, purporting to convey the Property in trust for repayment of a loan from Business Loan Center, LLC.

10.     By operation of law, because the Property was owned by Helen and Howard as tenants by the entireties, and because only Helen signed the BLC Deed of Trust, the BLC Deed of Trust is void and did not attach to the Property.

11.     Thereafter, on or about June 12, 2006, Helen and Howard executed a refinance deed of trust (the "Refinance Deed of Trust", attached hereto as Exhibit F), recorded among the Land Records in Liber 25822, folio 596, conveying the Property, in trust, to secure Citywide Mortgage Corporation ("Citywide") for repayment of a refinance loan in the original principal amount of $625,000.00 (the "Refinance Loan").

12.     It was the mutual intent of Helen, Howard, and Citywide (the "Parties to the Refinance Deed of Trust") that the Refinance Deed of Trust be a valid and effective first-priority deed of trust against the Property.

13.     Consistent with the mutual intent of the Parties to the Refinance Deed of Trust that the Refinance Deed of Trust be a valid and effective first-priority deed of trust against the Property, proceeds from the Refinance Loan in the amount of $443,285.68 were used to satisfy in full and secure the release of the Prior First Deed of Trust (as evidenced by the U.S. Department of Housing and Urban Development Settlement Statement, attached hereto as Exhibit G), and proceeds from the Refinance Loan in the amount of $113,564.50 were used to satisfy in full and secure the release of the Prior Second Deed of Trust.

14.     By assignment dated September 29, 2014 (attached hereto as Exhibit H) and recorded among the Land Records in Liber 36397, folio 247, the BLC Deed of Trust, which had been previously assigned to other entities, was assigned back to Business Loan Center, LLC.

4

15.     Plaintiff is the holder in due course of the Note secured by the Refinance Deed of Trust, and by assignment dated April 24, 2015 (attached hereto as Exhibit I) and recorded among the Land Records in Liber 37111, folio 407, the Refinance Deed of Trust was assigned to Plaintiff.

16.     There exists an actual, justiciable controversy between the parties hereto as to whether the BLC Deed of Trust constitutes a valid lien against the Property.

17.     The existence of the BLC Deed of Trust constitutes a cloud on Plaintiff's title to the Property.

## COUNT I
### Declaratory Judgment / Quiet Title

18.     Plaintiff hereby incorporates by reference the allegations set forth in all other paragraphs of the Complaint as if fully set forth herein.

19.     Pursuant to the Deed, as of April 14, 2005, title to the Property is vested in Helen and Harold, as tenants by the entireties.

20.     The BLC Deed of Trust was thereafter executed by Helen, only.

21.     By operation of law, because the Property was owned by Helen and Howard as tenants by the entireties, and because only Helen signed the BLC Deed of Trust, the BLC Deed of Trust is void and did not attach to the Property.

WHEREFORE, as to Count I, Plaintiff prays that this Court enter an Order (1) declaring that the BLC Deed of Trust is void, ineffective, and unenforceable and is not attached to the Property; (2) declaring that the Refinance Deed of Trust is a valid and enforceable first-priority deed of trust against the Property; and (3) ordering the Clerk of the Circuit Court to index such

5

Order in the names of all parties hereto, and for all other relief as the Court deems just and proper.

## COUNT II
### Equitable Subrogation
### (*In the Alternative*)

22.    Plaintiff hereby incorporates by reference the allegations set forth in all other paragraphs of the Complaint as if fully set forth herein.

23.    The Prior First Deed of Trust and Prior Second Deed of Trust were recorded among the Land Records before the BLC Deed of Trust and had priority above the BLC Deed of Trust when it was later recorded.

24.    Proceeds from the Refinance Loan in the amount of $443,285.68 were used to satisfy in full and secure the release of the Prior First Deed of Trust, and proceeds from the Refinance Loan in the amount of $113,564.50 were used to satisfy in full and secure the release of the Prior Second Deed of Trust.

25.    The Parties to the Refinance Deed of Trust mutually intended the Refinance Deed of Trust to be a valid and effective first-priority deed of trust against the Property.

26.    Under the facts and circumstances of this matter, Plaintiff is equitably entitled to be subrogated to the superior lien position of the Prior First Deed of Trust and Prior Second Deed of Trust to the extent of their aggregate payoff.

WHEREFORE, as to Count II, Plaintiff prays that this Court enter an Order declaring that the Refinance Deed of Trust is equitably subrogated to first-trust priority position to the extent of $556,850.18 and that all other liens are subordinate thereto; and that the Clerk of the Circuit Court be ordered to index such Order in the names of all parties hereto, and for all other relief as the Court deems just and proper.

6

Respectfully submitted,

WELLS FARGO BANK, N.A.
*By counsel*


FIDELITY NATIONAL LAW GROUP
A Division of Chicago Title Insurance Company

By:

Henry Matson Coxe, Esq.
8100 Boone Blvd., Ste. 600
Vienna, VA 22182
T: 703-245-0284
F: 703-821-1618
Matson.Coxe@fnf.com
*Counsel for Plaintiff*

7

## CERTIFICATION UNDER RULE 1-313

I hereby certify, in accordance with Md. Rule 1-313, that I am admitted to practice law in the State of Maryland.

Henry Matson Coxe, Esq.